In the Matter of the Estate of CAROLYN S. MAYER, Deceased.

Surrogate's Court, New York County, May 14, 1962.

*Rodecker, Bricker & Levinsohn* for Oshin Agathon and others, as executors, petitioners. *James J. Lopilato,* as special guardian for Sherry E. Simmons, an infant, respondent. *Henry C. Bourne* for Diocese of North Carolina for the Protestant Episcopal Church of the United States, respondent.

S. SAMUEL DI FALCO, S. On the settlement of the account the executors seek interpretation of this will with respect to the question of whether the testamentary trust created by death on July 16, 1958 unlawfully suspends the power of alienation beyond the period permitted by statutes then in effect.

The testatrix bequeathed to her trustees one half of her estate to be held by them for the life of her spouse. Upon his death

the corpus of that trust is to be added to the paragraph " Fifth " residuary trust created for the lives of her mother and brother or the survivor of them and to be ultimately paid to " Executive Committee of the Protestant Episcopal Church at Raleigh, North Carolina " as remaindermen. The mother survived the testatrix but has since died.

The changes in the law regarding perpetuities did not become effective until September 1, 1958. The court rules that the trust created by paragraph " Second " is violative of the Rule against Perpetuities and upon the death of the spouse the remainder will be accelerated and paid to the Executive Council of the Protestant Episcopal Church at Raleigh, North Carolina, named in the will as the " Executive Committee ", and expressly designated by the testatrix to take any fund that may be held to illegally suspend the power of alienation. This ruling applies to the paragraph " Fourth " trust in the event of the death of the prime beneficiary prior to her majority.

Paragraph " Ninth " of this will is a clear direction against any apportionment of estate taxes against any legacy. The testatrix directed that these assessments be paid out of " my testamentary residuary estate ". The court is asked whether the trust created under paragraph " Second " for the benefit of her spouse is free of taxes. Paragraph " Second " places in trust " one-half of all the rest, residue and remainder of my estate " and follows the usual opening paragraph directing the payment of just debts, funeral and administration expenses. Succeeding paragraphs contain other bequests and lead to paragraph " Fifth " which is the true residuary clause of this will. In this last dispositive paragraph the testatrix makes a gift in trust of " all the rest, residue and remainder of my estate ". The opinion of this court is that the testatrix did not intend to cut down in any way the bequest to her husband and that his trust should be funded free of estate tax.

The executors are authorized to abandon as worthless the securities listed in Schedule B-1 of the account.